IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EDWARD V. RAY III,            )
                              )
    Plaintiff,            )
                              )
                              )    CIV-13-697-HE
v.                            )
                              )
S. BRADFORD, et al.,          )
                              )
    Defendants.           )

## REPORT AND RECOMMENDATION

Plaintiff, a California state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Consistent with the Order entered August 21, 2013 (Doc. # 8) and <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), officials in charge of the North Fork Correctional Facility ("NFCF") filed a Special Report (Doc. # 20). Defendants Bradford, Ferguson, Moates, and Hansen have moved to dismiss the action. For the following reasons, it is recommended that Defendants Bradford, Ferguson, Moates, and Hansen's Motion to Dismiss be granted and the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that Defendant "Doe I" be dismissed from the action for failure to state a claim upon which relief can be granted.

1

I. <u>Complaint</u>

In his Complaint filed July 8, 2013, Plaintiff alleges that his constitutional rights were violated by Defendants S. Bradford, R. Ferguson, Moates, "Doe 1", and Hansen, who are all identified as correctional officials at the NFCF, a private prison located in Sayre, Oklahoma. In count I of the Complaint, Plaintiff alleges that Defendants Bradford, Ferguson, Moates, and "Doe I" retaliated against Plaintiff "by conducting a harassing cell search" for filing an administrative grievance concerning Defendants Bradford and Ferguson. As supporting facts, Plaintiff alleges that on July 29, 2012, he filed a grievance at NFCF in which he complained that Defendants Bradford and Ferguson did not make sufficient appearances in Plaintiff's housing pod, causing him to be unable to deliver "legal mail" to them for processing on multiple occasions. He alleges that on July 31, 2012, Defendants Moates and "Doe I" strip-searched Plaintiff and searched his cell. After completing the search Defendant Moates stated to Plaintiff to "go ahead and write someone else up again, I dare you and see what happens next time." Complaint, at 8.

In count II of the Complaint, Plaintiff alleges that Defendants Bradford and Ferguson "tried to move Plaintiff's cellmate and placed Plaintiff in segregation on 8/9/12 for the sole reason of retaliating against Plaintiff for filing an administrative grievance against them on 7/29/12." Complaint, at 12. As supporting facts, Plaintiff alleges that on July 29, 2012, he filed a grievance in which he complained that Defendants Bradford and Ferguson did not make sufficient appearances in Plaintiff's housing pod, resulting in his inability to deliver his "legal mail" to them for processing on multiple occasions. On August 9, 2012, Defendant

2

Ferguson brought "legal mail" to Plaintiff's cellmate and stated that Defendant Bradford was moving Plaintiff's cellmate to a different housing unit. Plaintiff and his cellmate complained that they had the approval of California correctional authorities to remain cellmates as they are father and son and also co-defendants.

Plaintiff was then placed in administrative segregation for "refusing to house" and "locked . . . in the shower." Complaint, at 10. Plaintiff alleges Defendant Bradford also directed Defendant Hansen to file a fabricated misconduct charge against Plaintiff "for the sole reason of retaliating against Plaintiff for filing an administrative grievance against Defendants S. Bradford and R. Ferguson on 7/29/12." Plaintiff alleges that after he was released from the segregation unit he and his cellmate "were housed together again . . . until Plaintiff was transferred to a new prison" and Plaintiff was found not guilty of the misconduct charge of "refusing to house, as [Defendant] R. Ferguson testified that Plaintiff was NOT scheduled to move." Complaint, at 11.

In count III, Plaintiff alleges that "Defendant Hansen participated in the retaliation against Plaintiff by fabricating a disciplinary write-up for filing an administrative grievance against Defendants S. Bradford and R. Ferguson." Complaint, at 13.

II. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must

3

allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

III. Exhaustion of Administrative Remedies

Defendants Bradford, Ferguson, Moates, and Hansen move to dismiss the cause of action on the basis that Plaintiff has failed to exhaust available administrative remedies. Although advised of his responsibilities in responding to the Motion to Dismiss under Federal Rules of Civil Procedure 12 and 56, Plaintiff has not responded to the Motion, and the time for filing a responsive pleading has expired.

The Prison Litigation Reform Act ("PLRA"), enacted in 1996, requires a prisoner to exhaust all available administrative remedies prior to filing a lawsuit in federal court challenging prison conditions under 42 U.S.C. § 1983 or any other Federal law. 42 U.S.C. § 1997e(a). "[E]xhaustion requirements are designed to ... give the agency a fair and full opportunity to adjudicate their claims" before the plaintiff proceeds to file an action in

4

federal court. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

The mandatory exhaustion requirement in 42 U.S.C. § 1997e(a), see Jones v. Bock, 549 U.S. 199, 211 (2007), applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). To properly exhaust administrative remedies, Plaintiff must "us[e] all steps that the agency holds out, and [do] so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (quotation and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "[S]ubstantial compliance" with a prison's administrative grievance procedure "is insufficient." Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007).

Having asserted the affirmative defense of failure to exhaust administrative remedies, Defendants bear the burden of proof. See Jones v. Bock, 549 U.S. 199, 215-216 (2007)(holding failure to exhaust administrative remedies is affirmative defense); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant.").

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The CDCR has contracted with Corrections Corporation of America, Inc. ("CCA") to house California prisoners at NFCF, which is owned by CCA.

5

Defendants Bradford, Ferguson, Hansen, and Moates are CCA employees who are employed at NFCF.

At the time of the alleged constitutional violations, Plaintiff was housed at NFCF although he remained in the custody of CDCR.[1] The NFCF/CCA Special Report Coordinator, Ms. Oglesby, states in the Special Report that all CDCR inmates confined at NFCF have available administrative remedies, that any inmate under CDCR jurisdiction may appeal any facility or departmental decision, action, condition, or policy, and that Title 15 of the California Code of Regulations provides the administrative remedy procedure by which CDCR inmates may seek redress of their complaints about facility conditions, treatment, and policies and procedures. Ms. Oglesby states that this administrative grievance procedure requires that in order to exhaust administrative remedies a CDCR inmate must pursue an appeal through three levels of the appeals process provided in § 3084 of Title 15 of the California Code of Regulations. See also Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009)(describing Title 15 of the California Code of Regulations as the "multi-tiered administrative scheme for inmate grievances"). The NFCF Grievance Coordinator avers that he "maintain[s] all logs and grievance records and am familiar with the grievance procedures utilized here at North Fork Correctional Facility, with regards to the State of California

---

[1] Plaintiff's institutional housing record reflects that he was transferred by CDCR from NFCF to another prison on August 28, 2012. After filing this action, Plaintiff was transferred by CDCR to California State Prison, in Corcoran, California, and Plaintiff was later transferred by CDCR to a Community Re-Entry Facility in Oakland, California. See Notice of Change of Address (Doc. # 9), Notice of Change of Address (Doc. # 13), and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 15), at 2.

inmates." Motion to Dismiss, Ex. 2.

Defendants have demonstrated with documentary evidence that Plaintiff failed to file any administrative grievance with respect to the claims set forth in the Complaint. See Special Report, Ex. 1, and Motion to Dismiss, Ex. 2 (Affidavit of NFCF Grievance Coordinator Omid Bahreini). Plaintiff admits in his Complaint that a grievance policy existed while he was housed at NFCF. Plaintiff asserts that he did not file a grievance concerning "this issue until after he was transferred to another prison" because he was "in fear of further retaliation." Complaint, at 17. He vaguely asserts that he "later filed the grievance [but] it was not processed." Id.

Plaintiff provides insufficient evidence that he properly filed a grievance or grievances. See Sapp v. Kimbrell, 623 F.3d 813, 823-24 (9th Cir. 2010)("To fall within . . . exception [to PLRA's exhaustion requirement], a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations."). He does not allege when he submitted a grievance, what "issue" was raised in the grievance, to whom he directed the grievance, why it was "not processed," as he so vaguely alleges in the Complaint, or what, if any, steps he took to administratively grieve the alleged failure to "process" his grievance.

Consequently, Defendants Bradford, Ferguson, Moates, and Hansen's Motion to Dismiss should be granted, and Plaintiff's cause of action against these Defendants should be dismissed without prejudice for failure to exhaust available administrative remedies.

The only remaining Defendant is identified in the Complaint only as Defendant "Doe I." Plaintiff describes this individual as a correctional official "employed as S.O.R.T." at NFCF. Complaint, at 4. The record shows that a summons directed to the Defendant "Doe I" was served on an individual at NFCF, but that same individual also accepted service of process at NFCF for Defendants Hansen, Moates, Ferguson, and Bradford. Process Receipt and Return (Doc. # 12). It is clear from the allegations in the Complaint that Defendant "Doe I" is also entitled to dismissal of the action against him due to Plaintiff's failure to exhaust administrative remedies. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)(recognizing district may *sua sponte* raise issue of exhaustion of administrative remedies, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, where "it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies"). Thus, the cause of action against Defendant "Doe I" should be dismissed as well.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants Bradford, Ferguson, Moates, and Hansen's Motion to Dismiss (Doc. # 21) be GRANTED and that Plaintiff's cause of action against Defendants Bradford, Ferguson, Moates, Hansen, and "Doe I" be DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff

is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     March 3rd , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   11th   day of   February  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE